WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
March, 1878.

WRIGHT v. WRIGHT.

*In the matter of the final accounting of* GEORGE S.
WRIGHT, *administrator of the estate* JOHN T.
WRIGHT, *deceased.*

Where on an appeal from the decree of a Surrogate, made upon a final
accounting, the proceedings are ordered by the Court of Appeals to be
remitted to the Surrogate for a re-hearing, such re-hearing should not
be had until the filing of the *remittitur*, and the formal entry of a judg-
ment or decree based upon it, in the office of the county clerk, and the
filing in the Surrogate's office of a certified copy of such judgment or
decree.

The practice on procuring such judgment or decree stated.

THE decree, entered upon the final accounting in
this matter, was appealed from by the administrator.
The Supreme Court, in the main, affirmed the decree;
an appeal was then taken to the Court of Appeals,
where, it is understood, the judgments or decrees of
the Supreme Court and of this court were reversed,
except as to some of the items in dispute, and a fur-
ther or re-hearing directed to be had in this court as
to certain items. On the 6th day of March, 1878, a
certified copy of an order of the Supreme Court was
filed in the Surrogate's office, by which it was
" ordered that the judgment of the Court of Appeals
be, and the same hereby is, made the judgment of
this court, to wit, that the judgment of the general
term of the Supreme Court, entered herein on the
12th day of July, 1877, and the decree of the Surro-
gate of the county of Westchester, made on the 13th

day of January, 1877, be, and the same are hereby severally reversed, with costs to the said George S. Wright, as administrator, etc., aforesaid, to be paid out of the estate of said John T. Wright, deceased.

" And it is further ordered that said proceedings be remitted to the Surrogate of Westchester county, with directions to proceed with a re-hearing in the matter of the accounting of said George S. Wright, as such administrator."

An application was thereupon made, on the part of the contestants, to proceed with the accounting.

JAMES THOMSON, *for the administrator.*

ALEX. THAIN, *for the contestants.*

THE SURROGATE.— The counsel for the administrator objects to proceeding in this matter until a formal judgment, such as has been directed by the Court of Appeals, shall have been entered. I am inclined to think the objection is well taken. In this case, the proper practice would seem to be, to file the *remittitur* from the Court of Appeals with the county clerk of this county, then to apply at special term of the Supreme Court for an order similar to the one already obtained, which should be followed up by the entry of a formal judgment or decree, in compliance with the directions contained in the *remittitur*, and by filing in this office a certified copy of such judgment or decree. If the order, as made by the Supreme Court, remitting the case to this court, is sufficient to re-invest it with jurisdiction to proceed, then it would be necessary to consider the whole case again, including every contested item of the account. But it seems to be admitted that the Court of Appeals sustained the general

term and this court as to some of the items in controversy. Indeed, copies of the opinion delivered on the reversal, to that effect, are produced, and, while it is to be respectfully followed, as to its results, no action here can be based upon it alone. The Supreme Court must first determine, by its judgment, duly entered, what was decided by the appellate tribunal, and may hear counsel as to the form and substance of such judgment. When a formal judgment shall have been entered and certified to this court, and not until then, can it be exactly determined what we have to do.

Another question, relating to the mode of proceeding, was discussed by counsel, but from the views above expressed it is not yet properly before me, and I therefore, refrain from considering it here.

Ordered accordingly.